# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

RONALD D. LANG,                          )
                                         )
             Petitioner,                 )
                                         )
      v.                                 )    Case No. 04-0257-CV-W-NKL
                                         )    Criminal No. 01-00104-CR-W-NKL
UNITED STATES OF AMERICA,                )
                                         )
             Respondent.                 )

## ORDER

Pending before the Court is Ronald Lang's ("Lang") Motion to Vacate Judgment [Doc. # 23]. For the reasons set forth below, the Court denies Lang's Motion.

## I.    Background

Lang pleaded guilty to one count of conspiracy to manufacture and distribute a mixture or substance containing a detectable amount of methamphetamine. In August 2002, this Court sentenced Lang to serve 168 months of imprisonment.

In an Order dated October 7, 2004, the Court denied Lang's Motion for habeas relief [Doc. # 12]. The Court found that Lang's counsel was not ineffective and that the Government did not violate Lang's constitutional rights when it allegedly failed to disclose exculpatory evidence. In May 2005, the Court denied Lang's Motion to File Appeal Out of Time [Doc. # 16]. The Court granted Lang *in forma pauperis* status to pursue his appeal, but denied him a certificate of appealability [Docs. ## 19 and 21]. On February 15, 2006, the Eighth Circuit Court of Appeals summarily affirmed this Court's

1

findings and refused to issue a certificate of appealability to Lang. *See* USA Response [Doc. # 24] at Ex. D.

## II. Discussion

In his pending Motion, Lang seeks to vacate the Court's Order denying him habeas relief under Fed. R. Civ. P. 60(b). Under Rule 60(b), a court may relieve a party from a judgment for a variety of reasons, including mistake, fraud, newly discovered evidence, or because the judgment has been satisfied. Fed. R. Civ. P. 60(b). The court also can grant relief for "any other reason justifying relief from the operation of the judgment." *Id.* at (b)(6).

In *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), the Supreme Court held that a habeas petitioner may seek relief from an order denying the habeas petition under Rule 60(b) if the petitioner did not "assert, or reassert, claims of error in the movant's state conviction." *Id.* at 2651. If the Rule 60(b) motion reasserted claims of error, then the Court held that it should be considered a second or successive habeas petition. The Court noted that a petitioner seeking to invoke Rule 60(b) must show "'extraordinary circumstances' justifying the reopening of a final judgment" and that "such circumstances will rarely occur in the habeas context." *Id.* at 2649 (citations omitted).

Lang fails to cite any facts that would warrant relief under Rule 60(b). While he correctly asserts that Rule 60(b) may be invoked to attack the procedure used in a habeas case, which the Supreme Court set out in *Gonzalez*, he fails to state any facts that would warrant him relief.

2

To the extent that Lang argues the Court should have held a hearing before denying his original habeas petition, that claim is without merit.  A habeas petitioner is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief.  *Payne v. United States*, 78 F.3d 343 (8th Cir. 1996) (citations omitted).  However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face.  *Id.*  Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief.  *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998).  The Court concluded that Lang's habeas petition did not warrant a hearing because his claims were patently without merit and that was evident from the record before the Court.  Lang has cited no authority to contradict the long-standing proposition that a hearing is not required in every habeas case and his claim on that point is without merit.

Similarly, to the extent that Lang claims that his original habeas petition was denied on procedural grounds, that assertion is incorrect.  The Court undertook a lengthy consideration of Lang's case and found that his claims for ineffective assistance of counsel were without merit.  The Court also found that Lang's allegation that the Government wrongfully withheld exculpatory evidence was without merit.  The Court did not preclude Lang's claims on procedural grounds and instead considered the merits of his grounds for relief.

Although it is not clear, Lang also appears to argue that the Eighth Circuit erred when it denied his petition for rehearing on November 22, 2004, because it did not

3

liberally construe his filing as a Notice of Appeal.  According to Lang, because the Eighth

Circuit did not interpret his petition as a Notice of Appeal, Lang failed to timely file a

Notice of Appeal and he was therefore precluded from asserting his appellate rights.  The

Eighth Circuit implicitly considered its own conduct when it reviewed the entire case

record and summarily affirmed the denial of Lang's motions.  This Court is not in a

position to reconsider the Eighth Circuit's ruling, but it does find that the facts submitted

by Lang do not warrant reopening his habeas proceeding under Rule 60(b).

Lang has failed to plead any facts that would justify reopening his habeas

proceeding under Rule 60(b).  Lang's Motion is denied.

**III.    Conclusion**

Accordingly, it is hereby

ORDERED that Lang's Motion to Vacate Judgment [Doc. # 23] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE:  June 12, 2006
Kansas City, Missouri